

**TENNESSEE BUREAU OF INVESTIGATION**
NASHVILLE CRIME LABORATORY
901 R.S. Gass Boulevard
Nashville, Tennessee 37216-2639

BILL HASLAM
Governor

MARK GWYN
Director

## OFFICIAL FORENSIC CHEMISTRY REPORT

TO: Curtis Beane
Rutherford Co. S.D.
AGENCY CASE NO: 17082911340

DATE ISSUED: 9/19/17
LAB CASE NO: 171018416
COUNTY: Rutherford

**LOCATION OF INCIDENT**
ENCHANTED PLANET

Received From: Curtis Beane
Received By: Susan Clark
EXHIBIT(S):
001-a   Gummy frogs

Date Received: 9/14/17
Time Received: 10:15 am

**RESULTS:**

| | Controlled Substance | Schedule | Amount |
|---|---|---|---|
| 001-a | Cannabidiol | VI | 1 Unit(s) |

No chemical analyses were performed on three additional units.

**DISPOSITION:**
All examinations have been completed. Please pick up evidence within thirty days.

Respectfully Submitted,

*Lela Jackson*

Lela Jackson
Special Agent / Forensic Scientist

The above represents the interpretations and opinions of the analyst.
Technical notes and data supporting the conclusions/findings in this report are maintained within the laboratory case records.

I certify and attest that this document is the proper record it purports to be.

*Jennifer Hall*

Designated Representative of Director TBI (T.C.A. 38-6-107 and/or 55-10-410)



Page 1 of 1




**TENNESSEE BUREAU OF INVESTIGATION**
NASHVILLE CRIME LABORATORY
901 R.S. Gass Boulevard
Nashville, Tennessee 37216-2639

BILL HASLAM
Governor

MARK GWYN
Director

## OFFICIAL FORENSIC CHEMISTRY REPORT

TO: Curtis Beane
Rutherford Co. S.D.
AGENCY CASE NO: 17082911340

DATE ISSUED: 9/21/17
**LAB CASE NO:** 171018416
COUNTY: Rutherford

Received From: Curtis Beane
Received By: Susan Clark
EXHIBIT(S):
001-a     Gummy frogs

Date Received: 9/14/17
Time Received: 10:15 am

| RESULTS: | Controlled Substance | Schedule | Amount |
|---|---|---|---|
| 001-a | Cannabidiol | - | 1 Unit(s) |

*No chemical analyses were performed on three additional units.*
*This report has been amended to remove scheduling.*

DISPOSITION:
All examinations have been completed. Please pick up evidence within thirty days.

Respectfully Submitted,

*Lela Jackson*

Lela Jackson
Special Agent / Forensic Scientist

The above represents the interpretations and opinions of the analyst.
Technical notes and data supporting the conclusions /findings in this report are maintained within the laboratory case records.

I certify and attest that this document is the proper record it purports to be.

*Jennifer Hall*

Designated Representative of Director TBI (T.C.A. 38-6-107 and/or 55-10-410)



Page 1 of 1

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

STATE OF TENNESSEE, ex rel. ]
    Jennings H. Jones ]
    District Attorney General ]
                                    ]
    Petitioner, ]
vs. ]   No. 78879
                                    ]
LOUIS S. BERBERT ]
                                    ]
d/b/a ENCHANTED PLANET ]
109 East Lytle St. Suite 26 ]
Murfreesboro, Tennessee ]
    Defendant. ]

**PETITION FOR ABATEMENT OF NUISANCE**

    Comes the State of Tennessee, upon relation of Jennings H. Jones, District Attorney General for the Sixteenth Judicial District who files this Petition to Abate a Nuisance, and alleges the following:

    1). Petitioner is the duly elected District Attorney General for the Sixteenth Judicial District for Rutherford and Cannon Counties, Tennessee. The affidavit of Detective Curtis Beene of the Rutherford County Sheriff's Department attached to this Petition as Exhibit A is incorporated by reference, herewith.

    2). Defendant LOUIS S. BERBERT is the operator and the holder of the business license for the business known as "ENCHANTED PLANET" operating upon said premises, to wit: 109 East Lytle St. Suite 26, Murfreesboro, Rutherford County, Tennessee.

1

3). This is a petition to abate a nuisance on the ground that the Defendant have maintained a Public Nuisance at 109 East Lytle St. Suite 26, Murfreesboro, Rutherford County, Tennessee. The provisions of Tennessee Code Annotated Section 29-3-101(b) provides, in pertinent part, as follows:

> Any person who uses, occupies, establishes or conducts a nuisance, or aids or abets therein, and the owner, agent or lessee of any interest in any such nuisance, . . . is guilty of maintaining a nuisance and such nuisance shall be abated as provided hereinafter.

A public nuisance is defined within Section 29-3-101(a)(2)(A) as follows:

> Any place in or upon which. . . [the] unlawful sale of any regulated legend drug, narcotic, other controlled substance or controlled substance analogue, any sale or possession with intent to sell of drug paraphernalia . . ..

T.C.A. Section 39-17-402(16) lists Marijuana as a Schedule VI controlled substance and defines all that it includes as being derived from that plant as follows:

> "Marijuana" means all parts of the plant cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, including concentrates and oils, its seeds or resin or any compound, mixture, or preparation which contains any quantity of these substances.

Subsections 39-17-402(16)(A)-(B) and (E) exclude the extract cannabidiol from the definition of Marijuana under the following limited circumstances:

> (A) Oil containing the substance cannabidiol, with less than nine-tenths of one percent (0.9%) of tetrahydrocannabinol, **if**:
>
>   (i) The bottle containing the oil is labeled by the manufacturer as containing cannabidiol in an amount less than nine-tenths of one percent (0.9%) of tetrahydrocannabinol; **and**
>
>   (ii) The person in possession of the oil retains:
>
>     (a) Proof of the legal order or recommendation from the issuing state; **and**
>
>     (b) Proof that the person or the person's immediate family member has been diagnosed with intractable seizures or epilepsy by a medical doctor or doctor of osteopathic medicine who is licensed to practice medicine in the state of Tennessee;
>
> (B) Cannabis oil containing the substance cannabidiol, with less than six tenths of one percent (0.6%) of tetrahydrocannabinol, including the necessary seeds and plants, when manufactured, processed, transferred, dispensed, or possessed by a four-year public or private institution of higher education certified by the drug

2

enforcement administration located in the state as part of a clinical research study on the treatment of intractable seizures, cancer, or other diseases;

* * * * * * * * * * * * *

(E) The term "marijuana" does not include a cannabidiol product approved as a prescription medication by the United States food and drug administration.

[emphasis added]

4). In 2017 officials with the Rutherford County Sheriff's Department conducted an investigation into the illegal sale of edible products containing extracts from marijuana plants. These edible products have been manufactured whereby such marijuana extracts are laced into and upon various edible products, typically candies that are generically sold in legitimate markets throughout Rutherford County. These drug-laced edible products are otherwise similar to candies sold for ingestion by children and adults alike and are packaged as gummy worms or gummy bears. Investigators have found that certain discount tobacco stores, smoke shops, and vapor cigarette stores in Rutherford County are selling these drug-laced edible products illegally though the Defendant advertises that such products are "legal". On August 29th 2017, investigators purchased edible gummies labeled as containing Cannabidiol. TBI lab results confirmed the presence of Cannabidiol in said gummies as a Schedule VI controlled substance. A Subsequent check at the business on January 18th, 2018 show the store continues to sell and market edible candies laced with Cannabidiol, a Schedule VI controlled substance.

5). Investigators have found that across the United States these drug-laced edible products have created a substantial public health hazard. The business operated by Defendant has offered for sale, and continues to offer for sale, products including edible candies which are laced with marijuana extracts, to wit: Cannabidiol, a Schedule

3

Case 3:18-cv-00965   Document 5-7   Filed 10/15/18   Page 5 of 9 PageID #: 89

VI controlled substance and classified as marijuana, in violation of Tennessee Code Annotated Section 39-17-417.

6). This Court has jurisdiction pursuant to Tennessee Code Annotated Section 29-3-102, and upon a petition by the District Attorney General, to abate all nuisances, and all premises where "narcotic, other controlled substance or controlled substance analogue" violations are carried on or permitted to occur are deemed Public Nuisances and subject to abatement by injunction.

7). This Court has authority pursuant to Tennessee Code Annotated Section 29-3-106(c) to issue a temporary injunction padlocking the premises upon the *ex parte* application of the District Attorney General.

8). The Petitioner further applies for an Order to search the premises located at 109 East Lytle St. Suite 26, and as further described in the Affidavit of Detective Curtis Beene which is incorporated herein by reference as Exhibit A, for evidence of controlled substances, drug paraphernalia, proceeds of such sales, equipment and fixtures used in connection with the Public Nuisance, and any materials related to the acquisition, sale or promotion of the sale of said drugs. In support of such warrant to search the Petitioner relies upon the affidavit incorporated herewith as Exhibit A. The Petitioner shall cause to have an inventory of all property seized filed with the Clerk within five (5) days from the execution thereof.

WHEREFORE, THE PETITIONER PRAYS:

1). That the above premises be declared a Public Nuisance under the provisions of T.C.A. §29-3-101 *et seq*, and the premises padlocked and closed to the Defendant and general public pending a hearing in this Court.

4

2). That all furnishings, fixtures, equipment, currency, and stock used in or in conjunction with the maintaining or conducting of said nuisance be subject to forfeiture pursuant to the provisions of T.C.A. §29-3-101(c).

3). That the Court issue an Order enjoining the Defendant LOUIS S. BERBERT from maintaining a Public Nuisance within Rutherford County.

4). That Petitioner be granted such other and further general relief to which he may be entitled and that costs shall be taxed to the Defendant.

5). That an Order issue authorizing the search of the premises herein described.

Respectfully submitted,

JENNINGS H. JONES
DISTRICT ATTORNEY GENERAL

JOHN C. ZIMMERMANN
Asst. District Attorney General
Tenn. Sup. Ct. Reg. #9723
320 West Main Street
Murfreesboro, Tennessee 37130
(615) 898-8008

ERIC FARMER
Asst. District Attorney General
Tenn. Sup. Ct. Reg. # 33286
320 West Main Street
Murfreesboro, Tennessee 37130
(615) 898-8008

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

| | |
|---|---|
| STATE OF TENNESSEE, ex rel.<br>Jennings H. Jones<br>District Attorney General<br><br>Petitioner,<br>vs.<br><br>LOUIS S. BERBERT<br><br>d/b/a ENCHANTED PLANET<br>109 East Lytle St. Suite 26<br>Murfreesboro, Tennessee<br>Defendants. | No. _____ |

## AFFIDAVIT IN SUPPORT OF PETITION FOR ABATEMENT OF NUISANCE AND ORDER TO SEARCH PREMISES

1. I, Curtis Beane, am a law enforcement officer assigned to the Special Enforcement Bureau of Rutherford County Sherriff's Office where I have been employed for ten years. Your Affiant was assigned as a Field Training Officer prior to being promoted to a Detective with the Rutherford County Sherriff's Office Special Enforcement Bureau. Your Affiant has investigated violations of drug laws in Rutherford County for approximately four years. Your Affiant has received training from the Tennessee Law Enforcement Training Academy and Undercover Drug Enforcement Techniques. During your Affiant's tenure as a Detective, I have been involved in street and high level narcotics related investigations. As part of my duties I have been tasked with investigating commercial retail businesses that offer to sell controlled substances and analogue controlled substances as defined under current state law. As a narcotics detective, I am familiar with current state laws restricting the sale of controlled substances and analogue controlled substances.

2. On February 3rd 2017, Detective Beane located an advertisement on Facebook for the sale of Cannabidiol (hereafter referred to as "CBD") edible candies at "Vapesboro" in Murfreesboro, Tennessee. Based upon my knowledge of current state laws, your Affiant knew that "CBD" was classified as a schedule VI drug and believed "Vapesboro" to be in violation of Tennessee Code Annotated § 39-17-417. Detective Beane then began an investigation into other commercial retail businesses located in Rutherford County selling "CBD" edible gummies

3. On 08/29/2017, Detective Beane conducted a buy of "CBD" related products in Rutherford County at "Enchanted Planet" at 109 East Lytle Street Suite 26, Murfreesboro, Tennessee. Your Affiant purchased "Green Road Frogs" from "Enchanted Planet" in the amount of $29.58. "Green Road Frogs" was labeled as containing "CBD" on its packaging and came in

an edible form. According to government records Louis Berbert is the current owner of this business.

4. The "CBD" candy was sent to the Tennessee Bureau of Investigation's Crime laboratory (hereafter referred to as "TBI") for analysis which determined the candy had been laced with "CBD".

5. TBI lab case number 171018416 indicated the gummies had "CBD". TBI concluded "CBD" is a schedule VI drug.

6. On 01/18/2018, Detective Beane returned to "Enchanted Planet" and purchased "Green Road Frogs" gummies in the amount of $29.58. During the purchase, Detective Beane was assisted by a female clerk who retrieved the item from a display case on the counter in the rear of the store. During the purchase, the clerk did not ask or require identification. The substance was the same or similar edible "CBD" gummies as previously purchased from "Enchanted Planet".

7. Based upon my experience, the business "Enchanted Planet" is regularly and repeatedly offering for sale edible "CBD" gummies that is a schedule VI controlled substance, and there is probable cause to believe that the substance will be presently stored for resale within the business along with the proceeds of the sale thereof.

I SWEAR THE FORGOING IS TRUE UNDER PENALTY OF PERJURY

Curtis Beane, Detective, Rutherford County Sherriff's Department
Affiant

Sworn to and subscribed to before me this the 2nd day of February, 2018.

NOTARY PUBLIC   My commission expires: August 22, 2021