IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JAMES SWAIN RIEVES, ET AL., | ) |
| Plaintiffs, | ) Case No. 3:18-cv-00965 |
| v. | ) |
| | ) JUDGE TRAUGER |
| TOWN OF SMYRNA, TENNESSEE, ET AL., | ) |
| Defendants. | ) |

**REPLY BRIEF**
**To Plaintiffs' Response to Motion to Dismiss Second Amended Complaint**
**Filed on behalf of**
**DISTRICT ATTORNEY GENERAL JENNINGS JONES**

(1) **General Jones is entitled to Absolute immunity**.

The dividing line between absolute and qualified immunity is not the existence of probable cause, but rather, whether the prosecutor has made the decision to bring the prosecution or indictment. *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n. 5 (1993) (cited in *Drake v. Howland*, No. 2:09-cv-804, 2010 WL 3470483 at *4 (Sept. 2, 2010); *Prince v. Hicks*, 198 F.3d 607, 614-15 (6th Cir. 1999) (denying absolute immunity because the legal advice occurred *prior* to deciding to initiate the prosecution.). Accordingly, if a prosecutor has determined to bring a prosecution and is acting in furtherance of that prosecution, his actions, even those which are "preliminary to the initiation of a prosecution and [ . . .] apart from the courtroom" are protected because he is acting as an advocate for the State. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 US. 409, 431 n. 33 (1976)).

1

Organizing and analyzing evidence and law are prosecutorial functions that are protected by absolute immunity. *Buckley*, 509 U.S. at 273; *Ireland v. Tunis*, 113 F.3d 1435, 1444 (6th Cir. 1997).[1] Evaluating the evidence brought to the prosecutor does not fall outside the ambit of prosecutorial immunity if the prosecutor has determined that a prosecution will be initiated or has already been initiated. *Drake,* 2010 WL 3470483 at *4; *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1267 (8th Cir. 1996) In *Drake*, the prosecutor reviewed an investigative report from the Children's Services Agency concluding that plaintiff committed a crime but recommending against prosecution. *Drake,* 2010 WL 3470483 at *4. The prosecutor brought a prosecution based solely on his evaluation of that report. *Id*. The Court held that the prosecutor was entitled to absolute immunity for that evaluation, even though the report recommended against prosecution. *Id*. In *Brodnicki*, the prosecutor reviewed a polygraph report of the accused and chose not to dismiss the prosecution. 75 F.3d at 1267. The Court held that although review of a polygraph could be performed by the police during an investigation, the prosecutor was entitled to absolute immunity because it was part of the prosecutor's evaluation as to whether the prosecution would continue. *Id*.

In this case, the decision to take this case to the grand jury was made as early as October or December 2017. *See* Plaintiffs' Response to General Jones' Motion to Dismiss ("Response"), D.E. 56, PageID # 397-98 (investigative report provides that the District Attorney's Office sought to bring the case before the October and then December 2017 Grand Jury.) This decision was reiterated in early December 2017 and again in January 2018. Complaint ¶ 40, D.E. 5-1, PageID

---

[1] *See also* Memorandum in Support of General Jones' Motion to Dismiss ("Memo in Support"). D.E. 50, PageID # 351-355 (prosecutorial immunity protects prosecutor's decision to bring a Petition of Abatement, evaluation of evidence in preparation of that prosecution, presentment of the case before a grand jury or a judge, and execution of the abatement).

2

#51. Confirmation is made clear in the same investigative report: "Detectives were assured CBD was an illegal Schedule Six product and that it needed to be prosecuted." *See* D.E. 5-1 PageID #50.[2]

As part of that determination to present the case to a grand jury and the court, General Jones evaluated a TBI lab report that already existed when he indicated "definitely illegal."[3] Because General Jones' statement "definitely illegal" is the evaluation of evidence for a forthcoming presentment of charges, a decision made before his evaluation occurred, his statement falls within the ambit of prosecutorial immunity, *Buckley*, 509 U.S. at 273; *see also* Memo in Support, D.E. 50, PageID # 353-354. General Jones' evaluation cannot be mischaracterized as "legal advice" merely because he told police officers the result of his evaluation upon their request. Nor is immunity removed because the investigating agency argues against prosecution. *Drake*, 2010 WL 3470483 at *4. And as in *Drake*, General Jones is absolutely immune for bringing the Petitions of Abatement and for taking the case to the grand jury based on his evaluation of the TBI lab report. *Id*.

General Jones was not searching for clues or corroboration, nor was General Jones advising on any investigative technique when he made his statement "definitely illegal" – General Jones was reviewing a TBI lab report that already existed. Nor did General Jones personally vouch for the truth of the contents of the affidavits supporting the Petitions for Abatement. Second Amended Complaint ¶ 71. Plaintiffs' attempt to cast aspersions on General Jones' evaluation by alleging differing opinions merely highlights a prosecutor's difficult decision-making process. If a prosecutor is not absolutely immune for such evaluations, then his "exercise of independent

---

[2] This report indicates that this was the same meeting where "an A.D.A. advised that "we were not going after Amazon." *Id*.
[3] At least one TBI Report had been issued on May 12, 2017 and indicated both a Schedule VI substance and 5-Fluoro ADB. *See* D.E. 5-1 PageID # 49

3

judgment would likely be compromised to the detriment of public trust and the effective functioning of the criminal justice system." *Ireland*, 113 F.3d at 1444) (citing *Imbler*, 424 U.S. at 425-26). It is for this reason that absolute immunity protects a prosecutor's "exercise [of] independent judgment when 'deciding which suits to bring and in conducting them in court.'" *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997) (quoting *Imbler*, 424 U.S at 424).

Similarly, any request to the police to move more quickly was in furtherance of the intended presentment to the grand jury and the court and, as such, is also protected by absolute immunity.[4] *See* Memo in Support, D.E. 50, PageID # 353-354 and D.E. 5-4, PageID # 77 (showing that Jones did not call until "later in December or first part of January," after the decision to prosecute was made.)

Accordingly, General Jones is protected by absolute prosecutorial immunity from suit for any alleged action, and this case should be dismissed.

**(2) Alternatively, General Jones is entitled to Qualified Immunity.**

General Jones proceeded upon his understanding of the law and his evaluation of the evidence. The technical description of the substances and the numerous statutes involved support the conclusion that it is not unreasonable to reach varying opinions and evaluations of the evidence and the applicable law. *See* Second Amended Complaint ¶ 28.[5] Even if General Jones' evaluation of the law and report are incorrect because the TBI could not establish legality based upon chemical composition and technical limitations, that determination, "even if wrong, [is] not actionable as long as such determinations pass the test of reasonableness." *Ireland*, 113 F.3d at

---

[4] *See Garber v. Deisch*, No. 1:16-cv-00455-PJG, 2018 WL 1477580 at *10 (W.D. Mich. Mar. 27, 2018)(prosecutor immune for directing investigator to interview more people as the interviews sought information directly relevant to a charging decision*), see also* Memo in Support, D.E. 50, PageID # 353-354.
[5] Indeed a product falling within the category of "Schedule VI" means it cannot be industrial hemp. Tenn. Code Ann. § 39-17-415(c).

4

1449. Nor is qualified immunity removed because "reasonable officers could disagree as to whether there was sufficient probable cause" to take the action complained of. *Id.*

Qualified immunity is not affected by an allegation that the prosecutor presented false evidence to a court or grand jury, because such presentment is protected by absolute immunity. *Burns*, 500 U.S. at 484, *see also* Memo in Support, D.E. 50, PageID # 354.

Qualified immunity also protects General Jones' request that the police move forward because the Plaintiffs do not have a clearly established right to be free from being investigated. *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986), *see also* Memo in Support, D.E. 50, PageID # 357-358. There is no allegation that General Jones committed some act during the police investigation or instructed any improper investigative technique, only that the investigation continue forward towards presentment to the grand jury and the court.

For all the reasons set forth above and in his Motion to Dismiss the Second Amended Complaint and Memorandum in Support, General Jones submits that this Second Amended Complaint against him should be dismissed in its entirety.

Respectfully submitted,

HERBERT H. SLATERY, III
Attorney General and Reporter

/s/ Heather C. Ross
HEATHER C. ROSS, BPR #015644
Senior Assistant Attorney General
Thomas Aumann, # BPR # 034046
Assistant Attorney General
E. Ashley Carter, BPR # 27903
Senior Assistant Attorney General
Civil Rights and Claims Division

5

Office of Attorney General and Reporter
P. O. Box 20207
Nashville, Tennessee 37202-0207
Telephone: (615) 532-2559
Fax: (615) 532-2541
Email: heather.ross@ag.tn.gov
*Attorneys for Defendant District Attorney General Jennings Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on this  5  day of February, 2019, a true and exact copy of the foregoing Reply in Response to Memorandum in Support of Motion to Dismiss the Second Amended Complaint filed on behalf of General Jones was filed electronically by operation of this Court's electronic filing system to all parties listed below:

Frank Brazil
Wesley B. Clark
Brazil Clark, PLLC
2706 Larmon Avenue
Nashville, Tennessee 37204
*Attorneys for Plaintiff Rieves*

Jesse P. Lords
Nathan Cate
The Law Office of Lords and Cate
222 2nd Avenue North, Suite 416
Nashville, Tennessee 37201
*Attorneys for Plaintiff Rieves*

David R. Smith
Dominick R. Smith
Christopher W. Smith
William Chadwick, Jr.
Law Offices of David Randolph Smith & Associates
1913 21st Avenue South
Nashville, Tennessee 37212
*Attorneys for Plaintiffs*

Austin C. Evans
Howell & Fisher, PLLC
300 James Robertson Parkway
Court Square Building
Nashville, Tennessee 37201-1107
*Attorney for Defendants Town of Smyrna and Smyrna Police Chief Kevin Arnold*

6

Robert M. Burns
Howell & Fisher, PLLC
3310 West End Avenue
Suite 550
Nashville, Tennessee 37203
*Attorney for Defendants Town of Smyrna and Smyrna Police*
*Chief Kevin Arnold*

Josh A. McCreary
Nicholas Christiansen
Cope, Hudson, Reed & McCreary, PLLC
16 Public Square North
P.O. Box 884
Murfreesboro, Tennessee 37133
*Attorneys for Defendants Rutherford County and*
*Sheriff Mike Fitzhugh*

Blind Akrawi
William T. Ramsey
Neal & Harwell, PLC
1201 Demonbreun Street
Suite 1000
Nashville, Tennessee 37203
*Attorneys for Defendant John Zimmermann*

                                                /s/ Heather C. Ross
                                                Senior Assistant Attorney General

8