IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JAMES SWAIN RIEVES, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-0965 |
| | ) | |
| TOWN OF SMYRNA, TENNESSEE, ET AL., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION TO STAY DISCOVERY

COME NOW Plaintiffs and Defendants (the "Parties"), by and through counsel, and file this Memorandum of Law in support of their Joint Motion to Stay Discovery, and hereby state as follows:

## STATEMENT OF THE CASE

Plaintiffs filed their initial Complaint on September 25, 2018. *See* Compl. (Dkt. # 1). They filed their First Amended Complaint on October 15, 2018. *See* First Am. Compl. (Dkt. # 5). The Court granted Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. # 43). The Second Amended Complaint is now the operative complaint in this matter (Dkt. # 44). Defendants Zimmermann, Jones, and Fitzhugh filed respective motions to dismiss. (*See* Dkt. ## 22-23, 34-35, 49-50). The Court denied those motions on March 6, 2019, (Dkt. ## 59, 60), and the defendants timely filed notices of appeal. (Dkt. ## 69, 70, 71).

Defendant Jones is the District Attorney General for Tennessee's 16th Judicial District, and Defendant Zimmermann is an Assistant District Attorney General in the 16th Judicial District.

Defendant Mike Fitzhugh is the Sherriff in Rutherford County, Tennessee.[1] These defendants occupied their respective roles at the time of the actions alleged in the Second Amended Complaint. Plaintiffs essentially claim that these Defendants took actions in their respective roles that violated the Plaintiffs' rights. Plaintiffs have made claims against these Defendants under 42 U.S.C. § 1983 for alleged violations of their procedural and substantive due process rights and their equal protection rights. (Dkt. # 44).

These Defendants filed their respective motions to dismiss the claims against them on November 27, 2018 (Defendant Fitzhugh), December 20, 2018 (Defendant Zimmermann), and January 16, 2019 (Defendant Jones). (Dkt. ## 22-23, 34-35, 49-50). The basis for their motion was the absolute and/or qualified immunity provided under federal law for § 1983 claims. *Id*.

The Plaintiffs and Defendants file this motion to stay discovery until the moving Defendants' pending appeals of the denial of their respective motions to dismiss on absolute and/or qualified immunity grounds are resolved. The protections provided by absolute and qualified immunities are a defense from suit altogether and warrant a stay of discovery so that the immunity is not effectively lost by requiring them to defend the suit.

## LEGAL ANALYSIS

**I. The Moving Defendants' Absolute And/Or Qualified Immunity Defenses Establish Immunity From Suit And Should Be Determined As A Threshold Matter Prior To Any Discovery.**

The absolute and qualified immunity defenses raised by the moving Defendants are not merely defenses to liability to protect them from paying damages. Rather, they are bars from suit

---

1. Defendant Rutherford County, Tennessee joins in this motion because, if Defendant Fitzhugh's appeal is successful such that he is entitled to immunity, then it is possible that Defendant Rutherford County, Tennessee could be dismissed as a result. Thus, Defendant Rutherford County shares the same concerns regarding discovery cost and expense.

altogether. *See Grant v. Hollenbach*, 870 F.2d 1135, 1135 (6th Cir. 1989); *Imbler v. Pachtman,* 424 U.S. 409, 420, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976).

Since the purpose of the immunities is to protect from suit, the question of immunity should be resolved as a threshold issue at the earliest possible time. *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009); *Everson v. Leis*, 556 F.3d 484, 492 (2009). For this reason, the United States Supreme Court has repeatedly held that immunity issues should be resolved prior to allowing discovery to prevent officials from having to engage in unwarranted discovery. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1986); *Mitchell v. Forsyth*, 472 U.S. 511, 526; *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982); *see also Everson*, 556 F.3d at 491; *Christophel v. Kukulinsky*, 61 F.3d 479, 484 (6th Cir. 1995).

In this case, this Court should follow the directive of the United States Supreme Court and the Sixth Circuit and stay discovery until their pending motions to dismiss on absolute and qualified immunity grounds are resolved. If these Defendants are successful, they have a right to dismissal and a bar from suit, including the right not to be burdened with disruptive discovery. This includes responding to initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Those disclosures are no different from other discovery except that they are mandated by the Federal Rules of Civil Procedure, rather than propounded by the parties. Further, the moving Defendants should not have to file an Answer to the Second Amended Complaint until a determination is made on their respective appeals.

A stay should extend to the other parties so as to not allow an end run around the moving Defendants' right to have their immunity defenses decided prior to them defending a lawsuit. The moving Defendants would also point out that if discovery were allowed to proceed, even just written discovery, they would either have to do what Supreme Court case law says they should not

have to do – engage in, or at least monitor, discovery – or allow discovery to proceed without their involvement. Allowing discovery to proceed would put them at a disadvantage if their immunity defenses were ultimately denied on appeal. They would likely also have to at least partially retake any depositions that were taken. This Court has previously ordered blanket stays when an individual defendant or defendants moves for dismissal on immunity grounds. *See, e.g., Roath v. Haslam*, Case No. 3:17-0995 at Dkt. # 71 (staying discovery with motions to dismiss pending); *Brown v. Metropolitan Gov't of Nashville and Davidson Cty.*, Case No. 3:16-cv-02737 at Dkt. # 29 (staying discovery pending resolution of motions to dismiss); *Greve v. Bass*, Case No. 3:16-cv-372 at Dkt. # 26 (staying discovery pending resolution of motion to dismiss on qualified immunity grounds); *Baxter v. Harris*, Case No. 3:15-cv-00019 at Dkt. ## 27, 69 (staying discovery pending resolution of motion to dismiss and staying case pending resolution of appeal).

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court stay discovery in this matter, including the filing of an Answer and initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), until the pending appeals of the denial of their respective motions to dismiss are resolved.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Blind Akrawi
William T. Ramsey, BPR #9245
Blind Akrawi, BPR #023213
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
wtr@nealharwell.com
bakrawi@nealharwell.com
*Counsel for Defendant John Zimmermann*

4

**HUDSON, REED & MCCREARY, PLLC**

By: __/s/ Nicolas Christiansen w/ perm.__
      Roger Hudson
      Nicholas C. Christiansen
      Daniel W. Ames
16 Public Square North
P.O. Box 884
Murfreesboro, TN 37133

*Counsel for Defendant Mike Fitzhugh and Defendant Rutherford County, Tennessee*


**TENNESSEE ATTORNEY GENERAL**

By: __/s/ Heather Ross w/ perm.__
      Heather Cairns Ross
Senior Counsel
Office of Tennessee Attorney General
PO Box 20207
Nashville, TN 37202

*Counsel for Defendant Jennings Jones*


**DAVID RANDOLPH SMITH & ASSOC.**

By: __/s/ Christopher Smith w/ perm.__
      Christopher W. Smith
      David Randolph Smith
      Dominick R. Smith
      W. Lyon Chadwick, Jr.
David Randolph Smith & Associates
1913 2ist Ave. South
Nashville, TN 37212
*Counsel for Plaintiffs*


**BRAZIL CLARK, PLLC**

By: __/s/ Frank Brazil w/ perm.__
      Frank R. Brazil
      Wesley B. Clark
Brazil Clark, PLLC
2706 Larmon Avenue

Nashville, TN 37204
*Counsel for Plaintiffs*


**HOWELL & FISHER, PLLC**

By: /s/ Robert Burns w/ perm.
      Robert M. Burns
      Austin C. Evans
Howell & Fisher, PLLC
Court Square Building
300 James Robertson Parkway #300
Nashville, TN 37201
*Counsel for Defendants Town of Smyrna and Police Chief Kevin Arnold*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served by the Court's CM/ECF system on the following, on this the 23rd day of April, 2019:

**HUDSON, REED & MCCREARY, PLLC**

Roger Hudson
Nicholas C. Christiansen
Daniel W. Ames
16 Public Square North
P.O. Box 884
Murfreesboro, TN 37133
*Counsel for Defendant Mike Fitzhugh and Defendant Rutherford County, Tennessee*

**TENNESSEE ATTORNEY GENERAL**

Heather Cairns Ross
Senior Counsel
Office of Tennessee Attorney General
PO Box 20207
Nashville, TN 37202
*Counsel for Defendant Jennings Jones*

**DAVID RANDOLPH SMITH & ASSOC.**

Christopher W. Smith
David Randolph Smith
Dominick R. Smith
W. Lyon Chadwick, Jr.
David Randolph Smith & Associates
1913 2ist Ave. South
Nashville, TN 37212
*Counsel for Plaintiffs*

**BRAZIL CLARK, PLLC**

Frank R. Brazil
Wesley B. Clark
Brazil Clark, PLLC
2706 Larmon Avenue
Nashville, TN 37204
*Counsel for Plaintiffs*

**HOWELL & FISHER, PLLC**

Robert M. Burns
Austin C. Evans
Howell & Fisher, PLLC
Court Square Building
300 James Robertson Parkway #300
Nashville, TN 37201
*Counsel for Defendants Town of Smyrna and Police Chief Kevin Arnold*

                                                                       /s/ Blind Akrawi