# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES SWAIN RIEVES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TOWN OF SMYRNA, TENNESSEE** | ) | **Case No. 3:18-cv-00965** |
| **et al.,** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court is the Motion for Summary Judgment filed by defendants Rutherford County, Tennessee and Rutherford County Sheriff Mike Fitzhugh (collectively, the "County Defendants") (Doc. No. 110),[1] in response to which, plaintiff James Swain Rieves—the only plaintiff remaining in this case—filed a Motion to Defer Ruling (Doc. No. 113) and the Rule 56(d) Declaration of plaintiff's counsel (Doc. No. 114), asking the court to grant the plaintiff until June 20, 2022—one month after the existing deadline for written discovery and the depositions of fact witnesses—to respond to the Motion for Summary Judgment. The County Defendants oppose the Motion to Defer. (Doc. No. 117.)

For the reasons set forth herein, the motion will be denied without prejudice, and the plaintiff will be directed to respond to the pending Motion for Summary Judgment.

---

[1] The other defendants in this case (Town of Smyrna, Tennessee, Smyrna Police Chief Kevin Arnold, District Attorney Jennings Jones, and Assistant District Attorney John Zimmerman) have not yet filed dispositive motions.

## I.    BACKGROUND

This case arises from the raid of the plaintiff's business, Platinum Vapor, LLC, doing business as Cloud 9 Hemp ("Cloud 9") in Smyrna Tennessee on September 26, 2017 by "multiple officers from the Town of Smyrna Police Department" ("SPD") (Second Amended Complaint ("SAC"), Doc. No. 44 ¶ 106) and the February 12, 2018 raid on the plaintiff's business (and the businesses of twenty other purveyors of products containing cannabidiol ("CBD")) by all defendants. The latter raid took place as part of a law enforcement operation nicknamed "Operation Candy Crush" (*id.* ¶¶ 27–94). Pursuant to Operation Candy Crush, the plaintiff and others were arrested and charged with violating the Tennessee Drug Control Act, Tenn. Code Ann. § 39-17-417. His store was padlocked and his assets were seized. (*Id.* ¶ 54.) All charges against the plaintiff and the other store owners were subsequently dismissed and expunged. (*Id.* ¶ 84.)

Plaintiff Rieves filed his original Complaint on September 25, 2018 and an Amended Complaint on October 15, 2018, bringing in additional plaintiffs. The SAC, filed on January 2, 2019, asserts claims on behalf of Rieves and the other plaintiffs against all defendants, under 42 U.S.C. § 1983, for (1) violation of the plaintiffs' Fourth Amendment rights to be free from false arrest, unlawful seizure, and unlawful prosecution (Doc. No. 44, at 18) and (2) violation of the Equal Protection Clause (*id.* at 19). The SAC also states a claim against defendants Kevin Arnold, Jennings Jones, John Zimmerman, and Mike Fitzhugh, in both their individual and official capacities, for conspiracy to violate the plaintiffs' Fourth Amendment rights, in violation of both 42 U.S.C. § 1983 and § 1985. (Doc. No. 44, at 20.)

On March 3, 2019, the court denied the three Motions to Dismiss filed by the County Defendants, Rutherford County Assistant District Attorney John Zimmerman, and Rutherford County District Attorney General Jennings Jones. (Doc. No. 60.) The court thereafter stayed discovery pending disposition of the individual defendants' appeal of the denial of qualified and

absolute immunity. The Sixth Circuit issued an opinion on May 15, 2020 affirming the denial of absolute prosecutorial and qualified immunity to defendants Jones and Zimmerman and the denial of quasi-judicial absolute immunity and qualified immunity to Fitzhugh for his alleged Fourth Amendment violations, but the court reversed the denial of qualified immunity to Fitzhugh with respect to the plaintiffs' equal protection claim. *Rieves v. Town of Smyrna*, 959 F.3d 678, 685 (6th Cir. 2020).[2]

Following the issuance of the Sixth Circuit's opinion, the parties filed—and the court granted—a series of unopposed motions to stay discovery, on the grounds that the parties had retained a mediator and were making progress toward settling the lawsuit. Discovery was stayed through at least January 29, 2021, and the court continued the trial then scheduled for January 12, 2021. (Doc. No. 89.) On April 16, 2021, the parties filed a Joint Motion to Dismiss (Partial) (Doc. No. 93), notifying the court that sixteen of the seventeen plaintiffs in the case—that is, all plaintiffs except for Rieves—had agreed to the dismissal of their claims against all defendants. The court entered an order dismissing with prejudice the claims asserted by those plaintiffs. (Doc. No. 104.)

Following a telephonic case management conference and the submission of a proposed scheduling order by the remaining parties, the court entered a revised Case Management Order ("CMO") on April 27, 2021 (Doc. No. 109). The CMO reset all case-related deadlines, establishing, as relevant here, a May 20, 2022 deadline for completion of written discovery and fact witness depositions and a September 23, 2022 deadline for filing dispositive motions. (Doc. No. 109, at 7, 8.) In a section of the CMO entitled "Parties' Theory of the Case," the County

---

[2] Only the various individual defendants, including Fitzhugh, were able to take an interlocutory appeal of the denial of qualified and absolute immunity. Because Rutherford County had no basis for taking an interlocutory appeal, the Sixth Circuit did not address this court's denial of the motion for dismissal of the equal protection claim against it, as a result of which that claim technically remains pending.

Defendants specifically denied violating any of Rieves's constitutional rights, asserted that no Rutherford County "employee, agent, or officer," specifically including Sheriff Fitzhugh, played any part "in investigating, indicting, charging, prosecuting, executing any warrants, padlocking any businesses, seizing any products, or otherwise had any connection whatsoever to Plaintiff Rieves . . . or 'Cloud 9,'" that Rieves's alleged damages "were caused by the acts or omissions of third parties over whom Rutherford County had no control and for whose actions Rutherford County has no responsibility," and, further, that the SAC failed to state a claim for conspiracy under either § 1983 or § 1985," both because Rieves is not a member of a protected class and because there is no evidence of the existence of a "municipal policy or custom regarding any 'conspiracy' with respect to Plaintiff Rieves." (Doc. No. 109, at 4–5.)

The County Defendants filed their Motion for Summary Judgment six months later, on September 22, 2021 (a full year before the expiration of the deadline), along with a Memorandum of Law, Statement of Undisputed Material Facts, and various exhibits, including excerpts from Rieves's Responses to Requests for Admissions served on him separately by Rutherford County and Fitzhugh, defendant Arnold's Responses to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's Requests for Admissions, and the Town of Smyrna's Responses to Plaintiff's First Set of Requests for Production of Documents. (*See* Doc. Nos. 111-1 through 111-7.) The County Defendants' Statement of Undisputed Facts submitted by the County Defendants contains forty-eight statements, over forty of which cite and rely upon the plaintiff's responses to either Fitzhugh's or Rutherford County's Requests for Admissions.

On October 20, 2021, the plaintiff filed his Motion to Defer and counsel's Rule 56(d) Declaration, which largely consists of legal argument rather than factual assertions. In it, Rieves (through counsel) argues that, "[b]y [the court's] allowing time to complete discovery in

accordance with the [CMO], the Plaintiff will be able to conduct depositions of the parties and necessary witnesses in order to present essential facts in opposition to the defendants' Motion for Summary Judgment." (Doc. No. 114 ¶ 4.) He acknowledges that the parties have engaged in "significant written discovery" but contends that they have not taken depositions and that such depositions of fact witnesses, "along with any follow-up written discovery based upon the testimony from such depositions, is necessary to allow plaintiff Rieves a fair opportunity to establish his claims and rebut the defendants' purported showing of the absence of genuine issues of material fact." (*Id.* ¶ 5.)

In particular, the plaintiff acknowledges that the County Defendants' Motion for Summary Judgment is premised upon their claim not to have had any personal involvement in either raid on the plaintiff's business, though they do not dispute participation in Operation Candy Crush generally or that they were involved in the raid on other businesses (operated by plaintiffs whose claims have now been dismissed). Rieves argues, however, that he has alleged a conspiracy to violate his rights and that he has obtained evidence of the existence of the conspiracy and evidence of the County Defendants' "active participa[tion] in that conspiracy." (Doc. No. 114, at 4.) He asserts that the exhibits to counsel's Declaration, which consist of excerpts from the defendants' discovery production, "demonstrate the need for oral discovery and for the use of the full discovery period allotted in this case." (*Id.*)

The plaintiff then provides a two-page list of the discovery answers attached as exhibits to the Rule 56(d) Declaration, from "the County's discovery productions" that, Rieves claims, "highlight the necessity of oral discovery and follow up written discovery in order to provide Plaintiff Rieves a full and fair opportunity to present his claims." (*Id.* at 6.) Although a few of the referenced excerpts are noted to have redactions that make them difficult to read or unclear as to

meaning, there is no explanation as to how these exhibits support the necessity of additional discovery in order for him to respond to the Motion for Summary Judgment. The exception is with reference to Exhibits 4 and 5, which the plaintiff identifies as "Two versions of one Facebook post by the Rutherford County Sheriff's Office," one of which was produced in discovery and the other of which was obtained independently by plaintiff's counsel. The post allegedly discovered by plaintiff's counsel begins with the statement: "Twenty-three stores believed [sic] selling products resembling candy and containing a marijuana derivative were padlocked on court orders Monday after a Rutherford County Sheriff's Office and Smyrna Police Department Investigation." (Doc. No. 114, at 9 ("sic" in original).) Rieves asserts that "[t]his single issue provides enough support for the plaintiff's request to defer a ruling on summary judgment." (*Id.*) The plaintiff further argues that the factors identified in *Plott v. General Motors Corp.*, 71 F.3d 1190 (6th Cir. 1995), weigh in favor of granting his Rule 56(d) motion.

The County Defendants dispute that assertion and further contend that the plaintiff's motion must be denied based on his failure to substantively comply with Rule 56(d).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(d)[3] states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time . . . to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The purpose behind Rule 56(d) is to ensure the plaintiffs receive 'a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir.

---

[3] "This rule was known as Rule 56(f) until it was renumbered as 56(d) in 2010." *Doe v. City of Memphis*, 928 F.3d 481, 490 n.3 (6th Cir. 2019). Accordingly, all quotations and citations referring to Rule 56(f) in pre-2010 cases have been altered to refer to Rule 56(d).

2019) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). However, "the party opposing a motion for summary judgment possesses no absolute right to additional time for discovery under Rule 56." *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)); *see also Scadden v. Werner*, 677 F. App'x 996, 1000 (6th Cir. 2017) ("And even when a party properly presents a Rule 56(d) affidavit and a motion to extend discovery, the rule only provides that a court 'may' extend the discovery deadline.").

"A party invoking [the] protections [of Rule 56(d)] must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Willmar Poultry Co. v. Morton–Norwich Prods., Inc.*, 520 F.2d 289, 297 (6th Cir. 1975). The Sixth Circuit has identified a number of factors (the "*Plott* factors") it considers when determining whether a district court abused its discretion in failing to grant a motion for further discovery:

> (1) [W]hen the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Doe*, 928 F.3d at 491 (quoting *Plott*, 71 F.3d at 1196–97). The appellate court has also suggested that district courts should consider these factors when deciding a Rule 56(d) motion. *Id.* Despite the order in which the factors are listed, the Sixth Circuit has stressed that the "main inquiry" is "whether the moving party was diligent in pursuing discovery." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)); *see also Doe*, 928 F.3d at 491.

In addition, the Sixth Circuit has observed that the "importance of complying with Rule [56(d)] cannot be overemphasized." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). The Rule incorporates both a procedural component—the actual filing of a motion or

declaration alerting the court to the party's need for additional discovery—as well as a substantive component. That is, "Rule [56(d)] has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Id.* (citation omitted); *see also Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999) ("Plaintiff's affidavit makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed [relevant] information . . . to be discovered.").

## III.    DISCUSSION

The plaintiff argues that each of the *Plott* factors weighs in his favor and that he should be permitted to conduct additional discovery before responding to the Motion for Summary Judgment.

### A.    Whether the movant was dilatory in his discovery efforts

Although this is the fourth *Plott* factor, the Sixth Circuit has indicated that it is generally the most important factor. The focus of this factor is on whether the party seeking discovery under Rule 56(d) was "diligent or dilatory in [its] discovery efforts." *Doe*, 928 F.3d at 491. The Sixth Circuit's rulings indicate that this factor requires an inquiry into the timing of discovery and the movant's efforts to pursue any discovery it believes it still needs in order to meaningfully respond to a Rule 56 motion. *See, e.g.*, *E.M.A. Nationwide*, 767 F.3d at 625.

The plaintiff argues that this factor weighs in his favor, because the County Defendants filed their Motion for Summary Judgment six months prior to the expiration of the discovery deadline and when the time for seeking amendments to the pleadings remained open, as a result of which the plaintiff "cannot be reasonably accused of delay in this matter." (Doc. No. 114, at 11.) The County Defendants simply state that this factor "does not weigh in favor of either party." (Doc. No. 117, at 19.)

The court finds that the plaintiff has not shown that this factor weighs strongly, if at all, in his favor. He does not show that he made any effort to seek clarification of the defendants' discovery or objected to any of the discovery served on him. Moreover, nearly four months have now passed since the County Defendants served their Motion for Summary Judgment, during which discovery has not been stayed. In the absence of any real information about what additional discovery the plaintiff needs (or needed) in order to meaningfully respond to the Motion for Summary Judgment or what efforts he has taken to schedule the supposedly necessary fact witness depositions, the court cannot find that he has been particularly diligent in pursuing necessary discovery.

### B.  Whether the desired discovery might affect the ruling on the Motion for Summary Judgment

The court finds that, in the context of this particular case, this factor is the most important.

Rieves argues that he received "heavily redacted" discovery responses and that "oral discovery is necessary to ascertain further information regarding the specific conversations between and among all the defendants in this case, as well as conversations between Fitzhugh and subordinate officers at the Rutherford County Sheriff's department." (Doc. No. 114, at 10.) He seeks information concerning "acts in furtherance" of the alleged conspiracy among the County Defendants and the other defendants and asserts that "ascertaining . . . the full scope of the agreement to participate in Operation Candy Crush by Sheriff Fitzhugh is vital to plaintiff's claims." (*Id.*) He acknowledges that, to prove his malicious prosecution claim, he must "show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d] d], or participate[d] in the decision to prosecute." (*Id.* (citing *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010)).) He asserts that various excerpts from the discovery provided to him "highlight the necessity of oral discovery and follow up written discovery in order to

provide Plaintiff Rieves a full and fair opportunity to present his claims," but he does not explain in what way. (*Id.* at 6.) The County Defendants respond that the plaintiff has admitted that the County Defendants played no role in the investigation and prosecution of the plaintiff. They assert that no amount of additional discovery will change that fact or affect the court's ruling on their Motion for Summary Judgment.

The SAC asserts claims against the County Defendants (and others) for violation of the plaintiff's Fourth Amendment rights to be free from false arrest, unlawful seizure, and unlawful prosecution (Count I), violation of the Equal Protection Clause (Count II), and conspiracy to violate the plaintiff's Fourth Amendment Rights, under both 42 U.S.C. § 1983 and § 1985. The Sixth Circuit has held that Fitzhugh is entitled to qualified immunity as to the equal protection claim, and the County Defendants now move for summary judgment on the remaining claims against them.[4]

What is apparent from reviewing the County Defendants' Memorandum in Support of their Motion for Summary Judgment and the Statement of Undisputed Material Facts that accompany

---

[4] The County Defendants' Motion and Memorandum do not address the equal protection claim against Rutherford County asserted in the SAC. They state that "[t]he County Defendants previously moved to dismiss this claim. This Court denied the County Defendants' request to dismiss this claim; however, the Sixth Circuit Court of Appeals reversed and held that 'the complaint fails to allege a selective enforcement claim against Fitzhugh because it does not show Fitzhugh was responsible for the decision to selectively prosecute the plaintiffs.'" (Doc. No. 111, at 23 n.6 (internal citations to the record omitted).) This statement is somewhat misleading, insofar as it fails to recognize that the equal protection claim against Rutherford County technically remains pending. (*See* Note 1, *supra*.) At the same time, however, the plaintiff appears to recognize that the Sixth Circuit's conclusion that the SAC fails to state a claim against Fitzhugh in his individual capacity necessarily entails the conclusion that the equal protection claim against Rutherford County must also be dismissed. In any event, the Rule 56(d) Declaration affirmatively states that Rieves "seeks redress for violation of his Fourth Amendment rights to be free from False Arrest, Unlawful Seizure, and Unlawful Prosecution pursuant to 42 [U.S.C. §] 1983 and for Conspiracy to violate those rights pursuant to 42 U.S.C. § 1983 and § 1985." (Doc. No. 114, at 2–3.) The court concludes that Rieves has abandoned his equal protection claim against Rutherford County.

it is that the defendants do *not* premise their motion upon the non-existence—or lack of evidence to support the existence—of a conspiracy. Instead, they argue that the plaintiff's claims fail because the undisputed evidence establishes—and the plaintiff affirmatively admits in his responses to the County Defendants' Requests for Admissions—that Fitzhugh did not have any personal involvement in the raid on the plaintiff's store, the padlocking of the store, the submission of the Petitions for Abatement of Nuisance pertaining to the plaintiff's store, or the plaintiff's arrest or prosecution. The defendants argue that Fitzhugh cannot be individually liable for the alleged Fourth Amendment violations under § 1983 or for a conspiracy to violate his rights, in violation of § 1983, as follows:

> First, Plaintiff Rieves admitted that Sheriff Fitzhugh neither investigated Plaintiff Rieves or his business in connection with the sale of cannabidiol in Rutherford County nor had any other involvement that caused Plaintiff Rieves' arrest or the seizure of his products. See Rieves Resp. to RFA from Fitzhugh ¶¶ 1–9. Thus, because the undisputed facts show that Sheriff Fitzhugh had no involvement in the decision to investigate, pursue, arrest, and prosecute Plaintiff Rieves, Sheriff Fitzhugh therefore did not "target" Plaintiff Rieves or his business and cannot be said to have committed any overt act in furtherance of any shared conspiratorial objective to deprive Plaintiff Revies of his constitutional rights. Second, Sheriff Fitzhugh is not an employee or officer of the Town of Smyrna, Tennessee or the Smyrna Police Department, entities which are separate entities from and unaffiliated with Rutherford County, Tennessee and the RCSO. See Rieves Resp. to RFA from Fitzhugh ¶20; Rieves Resp. to RFA from Ruth Co. ¶¶20-21.5 As such, it is a logical impossibility that Sheriff Fitzhugh allowed anything to proceed in furtherance of any alleged conspiracy against Plaintiff Rieves because there is no dispute of material fact that it was not Sheriff Fitzhugh's officers that conducted the investigation, raid, and seizure on Plaintiff Rieves.

(Doc. No. 111, at 20.)[5] The Rutherford County defendants' motion, that is, hinges on a question of law. Their position is that, irrespective of the existing evidence of a conspiracy, they are entitled to summary judgment anyway. The court will not resolve, at this juncture, the question of whether

---

[5] They also argue that the plaintiff's § 1985 conspiracy claim fails because the plaintiff is not a member of a protected class for purposes of such a claim. The plaintiff's Motion to Defer does not expressly address this claim.

the Rutherford County defendants are correct as a matter of the law. Regardless, the plaintiff has not shown that additional evidence of the existence of a conspiracy would change the resolution of the legal questions raised by the County Defendants' Motion for Summary Judgment. Thus, it is difficult to see how additional discovery would have any effect on the plaintiff's ability to respond to the Motion for Summary Judgment.

In addition, the plaintiff fails to identify any specific facts relating to the conspiracy that he hopes to uncover. As set forth above, the Rule 56(d) Declaration lists documents produced in discovery, excerpts of which are attached as Exhibits to the Declaration. Counsel claims that the County Defendants' redactions to theses documents justify the deferral of ruling on the Motion for Summary Judgment so that Rieves can take additional oral discovery and follow-up written discovery. However, the plaintiff does not explain how additional discovery will allow him to respond to the Motion for Summary Judgment, nor does he identify exactly what discovery he needs, other than by simply pointing to redactions in the discovery produced to him by the County Defendants, as if the connection between the redactions and his need for additional discovery were self-explanatory.

The County Defendants, through the Declaration of Nick C. Christiansen, Esq., explain that the business addresses (or portions of the business addresses) of the other originally named plaintiffs in this case are redacted from the documents produced to Rieves, because "those plaintiffs' criminal records related to Operation Candy Crush were expunged," and the County Defendants "redacted the identities and business addresses due to T.C.A. § 40-32-101 because any such records or information may not be disclosed to third parties." (Doc. No. 118, at 2; *see id.* at 3, 4, 7.) The County Defendants further argue that, to the extent the plaintiff has requested the production of all investigative documents relating to the claims of the plaintiffs in this matter

whose claims have been dismissed, it objected to the production of such documents on the grounds that they are "irrelevant and not proportional to the needs of the case." (Doc. No. 118, at 9.) The County Defendants argue that, aside from the fact that the "investigative reports are voluminous," "none of the documents make reference to Plaintiff or Plaintiff's business," and "providing these investigative records would be contrary to T.C.A. § 40-32-101." (*Id.*)

The Sixth Circuit has held that "a party cannot avoid summary judgment by filing [a Rule 56(d) affidavit] which . . . suffers from a "'lack of specificity, without any apparent justification.'" *Doe*, 928 F.3d at 494 (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)). Thus, for example, in *Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000), the court concluded that the plaintiffs did not satisfy the substantive requirements of Rule 56(d), because their affidavit submitted in support of their request for additional discovery stated only that, "if given the opportunity to conduct [further] discovery[, they] would be able to successfully oppose the defendants' summary judgment motion and . . . they would, at some point, be filing a brief in opposition to the motion." *Id.* at 489. However, they did not indicate "what material facts [they] hope[d] to uncover and why [they] ha[d] not previously discovered the information." *Id.* (internal quotation marks and citations omitted).

In this case, the plaintiff's Rule 56(d) Declaration states that, "[b]y allowing time to complete discovery in accordance with the [CMO], the Plaintiff will be able to conduct depositions of the parties and necessary witnesses in order to present essential facts in opposition to the defendants' Motion for Summary Judgment" and that "[t]he conducting of fact witnesses['] depositions, along with any follow-up written discovery based upon the testimony from such depositions, is necessary to allow plaintiff Rieves a fair opportunity to establish his claims and rebut the defendants' purported showing of the absence of genuine issues of material fact." (Doc.

No. 114 at 1–2.) Other than pointing to redactions in the written discovery and insisting that "[a]scertaining all 'acts in furtherance of the conspiracy and the full scope of the agreement to participate in Operation Candy Crush by Sheriff Fitzhugh is vital to plaintiff's claims, and oral discovery is sure to illuminate the details of conversations referenced in the documentation exchanged in discovery," the plaintiff has not identified who he needs to depose, what material facts he hopes to uncover, or why he did not already seek them through follow-up written discovery or objections to the responses he received.

In sum, the court finds that the County Defendants' Motion for Summary Judgment is based on apparently undisputed facts and a contested question of law. The plaintiff has not explained how additional discovery will aid him in his response to that motion or what discovery, exactly, is needed. The court finds that this factor—whether additional discovery would affect the outcome of the Motion for Summary Judgment—weighs strongly in favor of denying the Motion to Defer.

### C. When the movant learned of the issue that is the subject of the desired discovery

"This factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Doe*, 928 F.3d at 492–93. Neither party's discussion of this factor actually addresses that point. Rieves, instead, argues that this factor weighs in his favor, because he purportedly learned of the "issues" raised by the defendants' discovery production (that is, their responses to his written discovery) when he received the defendants' discovery *requests to him* on April 16, 2021 but that, "[g]iven the extensive scope of discovery from six defendants, the schedules of the fifteen attorneys of record . . . , and the reasonable discovery schedule ordered by the court, this factor weighs in favor of the Plaintiff's request." (Doc. No. 114, at 9.)

This argument defies logic: how would the defendants' discovery requests to the plaintiff give rise to the "issues" the plaintiff discovered upon his receipt of the defendants' discovery answers? The court finds that this factor is neutral at best and does not weigh in favor of granting Rieves's motion.

**D.     How long the discovery period lasted**

"[W]hat constitutes a reasonable length of time for the duration of discovery is so particular to the facts and circumstances of a given case that examining what lengths of time [the Sixth Circuit] has found sufficient for discovery in the past in not particularly helpful." *Doe*, 928 F.3d at 494. In this case, the discovery period was stayed for a substantial period of time while the individual defendants pursued an interlocutory appeal. However, discovery has now been open for almost nine months. Although there are several defendants, the plaintiff's claims are not complex, and he has had ample time even following the filing of the Motion for Summary Judgment on September 22, 2021 to begin conducting depositions of fact witnesses and to follow up on written discovery. This factor does not weigh in favor of the plaintiff's motion.

**E.     Whether the County Defendants were responsive to discovery requests**

The plaintiff points to "extraordinary redactions" in the County Defendants' responses to written discovery and claims they "outright failed to produce critical evidence." (Doc. No. 114, at 11.) The defendants refute the plaintiff's contention that the redactions are extraordinary or that they failed to produce critical evidence. What is undisputed is that Rieves apparently never sought further clarification of the discovery answers, nor did he file a motion to compel. Moreover, the documents filed in support of the County Defendants' Motion for Summary Judgment substantiate a conclusion that the parties have engaged in a significant amount of written discovery.

The plaintiff has not shown that this factor weighs in his favor.

**IV. CONCLUSION AND ORDER**

The court finds that the *Plott* factors, considered together, do not weigh in favor of granting the plaintiff a delay until the conclusion of all discovery to respond to the County Defendants' Motion for Summary Judgment. The Motion to Defer (Doc. No. 113), therefore, is **DENIED**. This denial, however, is without prejudice to the plaintiff's ability to renew the motion if, in responding to the Motion for Summary Judgment, he finds that he is in need of *specific* discovery that he has not yet had the opportunity to take in order to respond to the defendants' motion.

Otherwise, the plaintiff **SHALL** respond to the County Defendants' Motion for Summary Judgment by or before **February 2, 2022**. The County Defendants may file a Reply (which shall not exceed five pages) within fourteen days after the filing of the Response.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge